IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ROSLYN A. SHERMAN**

    Plaintiff,

No. 3:17-CV-1696-MO

OPINION AND ORDER
GRANTING
DEFENDANTS' MOTIONS
TO DISMISS

v.

**DANIEL STANTON and
MULTNOMAH COUNTY BOARD OF
PAROLE AND POST PRISON
SUPERVISION,**

    Defendants.

**MOSMAN, J.,**

Plaintiff Roslyn A. Sherman is proceeding *pro se* in this civil rights action. Defendants Daniel Stanton and the Oregon Board of Parole and Post-Prison Supervision (Board)[1] have each filed motions to dismiss Ms. Sherman's Amended Complaint on the grounds that the two-year statute of limitations bars her claims for relief and that she fails to allege any personal involvement by either defendant in the alleged deprivations of her civil rights. Defendant Board also argues that it is immune from suit under the Eleventh Amendment to the United States Constitution. The parties have fully briefed the motions, and for the reasons discussed below, I GRANT Defendants' motions [16 and 18] and dismiss Ms. Sherman's claims with prejudice.

---

[1] The Amended Complaint's caption incorrectly identifies the Board as the "Multnomah Cty Board/Parole "n" Prison Supervision." [9 at p. 1].

1 –OPINION AND ORDER

I.  **Background**

Ms. Sherman filed this lawsuit on October 20, 2017. [2]. I dismissed her Complaint without service for failure to state a claim because, among other things, she had failed to allege how former Multnomah County Sheriff Daniel Stanton personally participated in the deprivation of her civil rights and the Eleventh Amendment immunized the Board from lawsuits. [5]. I granted Ms. Sherman leave to file an amended complaint, and she did so on December 29, 2017. [9].

In her Amended Complaint, Ms. Sherman brings claims under 42 U.S.C. § 1983 and appears to allege violations of her Fourteenth Amendment right to due process and her Eighth Amendment right to be free from cruel and unusual punishment. [9]. Specifically, she claims that in 2012 she was taken into custody based on an erroneous allegation that she had not completed her Volunteers of America post-prison supervision program and that she was denied a hearing. [*Id.* at p. 4]. Ms. Sherman asserts that she was deprived of a hearing because of her race. [*Id.*]. She also appears to allege that she was denied adequate medical care because she did not receive "opioids and pain medication for her broken right shoulder and back pain." [*Id.* at p. 5].

II. **Legal Standards**

Court must liberally construe documents filed by *pro se* litigants, and must hold a *pro se* complaint, "however inartfully pleaded," to a "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Cf. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed as to do justice"). The rule, however, "applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of a complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). While a plaintiff need not plead specific facts in support of any claim to survive a Rule 12(b)(6) motion, she must allege facts that establish "more than a sheer possibility that a defendant has acted unlawfully" and "raise a right to relief above the speculative level." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Put another way, a claim for relief must be plausible, not just possible. *Id.* In determining whether a plaintiff has stated a plausible claim for relief, a judge must accept as true all of the factual allegations contained in the complaint. *Id.*

### III. Discussion

#### A. Statute of Limitations

Defendants argue Ms. Sherman's Amended Complaint fails to state claims against them upon which relief can be granted because her claims are barred by the statute of limitations. I agree with respect to Ms. Sherman's Fourteenth Amendment claims. Civil rights claims brought under § 1983 are subject to a two-year statute of limitations. *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002).

In her Amended Complaint, Ms. Sherman alleges that the events giving rise to her claims occurred in 2012. [9 at p. 5]. She also states that she litigated the claims at issue in this lawsuit in a habeas case filed in Multnomah County on April 14, 2015, meaning that the events at issue occurred before April 2015. [*Id.* at p. 7 and 16, Exhibit 1]. Accordingly, at the latest, the two-year statute of limitations for the claims at issue in Ms. Sherman's Amended Complaint expired in April 2017. She did not file this lawsuit until five months later, on October 20, 2017. [2].

In the memorandum she filed in response to Defendants' motions to dismiss, Ms. Sherman clarifies that she challenges her placement in county custody on October 1, 2015, and asserts that "[t]he [statute of limitations] clock re-started on September 5, 2017, " the effective date of the Court of

Appeals' Judgment in Ms. Sherman's habeas case. This argument does not persuade me that the statute of limitations has not run on her Fourteenth Amendment claim. The two-year statute of limitations started running when Ms. Sherman's claim "accrued." *Lukovsky v. City and Cty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). Ms. Sherman's claim about being taken into custody without due process (in this case a hearing) "accrued" when she knew or had reason to know of the injuries that formed the basis for her claims. *Id.* The habeas case that Ms. Sherman filed in Multnomah County on April 14, 2015 challenged her October 1, 2015 placement in county custody. [16, Exhibit 1]. Accordingly, Ms. Sherman knew or had reason to know of the injuries that formed the basis for the Fourteenth Amendment claims in this lawsuit on or before April 14, 2015. The effective date of the appellate Judgement in her habeas case does not "re-set" the date that Ms. Sherman's claims accrued. Accordingly, I find the two-year statute of limitation on 42 U.S.C. § 1983 cases bars Ms. Sherman's Fourteenth Amendment claims.

I cannot, however, conclude on the basis of the record before me that the two-year statute of limitations bars Ms. Sherman's Eighth Amendment claims. If Ms. Sherman was placed in custody on October 1, 2015, it is possible that she experienced the denial of pain medication on dates after October 20, 2015, and claims for Eighth Amendment violations after this date in a lawsuit filed on October 20, 2017, would not be barred by the statute of limitations.

### B. Failure to Allege Personal Participation by Defendants

Defendants argue Ms. Sherman's Amended Complaint fails to state a claim against them upon which relief can be granted because she fails to allege sufficient personal participation in the deprivation of her civil rights by either Mr. Stanton or the Board. I agree. "Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the

violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also*, see also *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Despite being given a chance to amend her Complaint to allege personal participation by Mr. Stanton in the violation of her rights, Ms. Sherman has not done so. Beyond making conclusory statements that "Daniel Stanton violated my rights to a hearing" and that Mr. Stanton was "wrong," Ms. Sherman does not allege that either Mr. Stanton or the Board personally participated in, directed, or knew of the denial of her right to a hearing before she was taken into custody or of the denial of her need for medical care. [9 at p. 7 and 21 at p. 4]. I grant Defendants' motions to dismiss Ms. Sherman's Amended Complaint for failing to show personal participation in the violation of her rights by either defendant. Because Ms. Sherman failed to allege sufficient personal participation in the alleged depravation of her rights by Mr. Stanton despite being given the chance to amend, I dismiss all the claims against him with prejudice. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (listing failure to cure deficiencies by amendments previously allowed as a factor weighing against allowing further amendment).

### C. Eleventh Amendment Immunity

The Board argues Ms. Sherman fails to state viable claims against it because it is immune from suit under the Eleventh Amendment. I agree. The Board, which is an agency of the state of Oregon, is not a "person" for purposes of § 1983 claims and is subject to absolute immunity from money damages under the Eleventh Amendment. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 (2003). Here, Ms. Sherman seeks only money damages (compensatory and punitive damages). Accordingly, the Board is immune from suit, and I dismiss all the claims against it with prejudice on this basis. *U.S. v.*

*Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir, 2011) (noting futility supports not allowing further amendment of a pleading when it is clear that further amendment would not cure the pleading's deficiencies).

## IV. Conclusion

I GRANT Mr. Stanton and the Board's motions to dismiss [16 and 18] and dismiss Ms. Sherman's Amended Complaint with prejudice.

DATED this 8th day of June, 2018.

MICHAEL W. MOSMAN
Chief United States District Judge